UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LYDIA WILEY,<br><br>        Plaintiff,<br><br>    vs.<br><br>MACY'S and JACK SLOWINSKI,<br><br>        Defendants. | Case No:  C 10-1188 SBA<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Docket 8 |

Plaintiff Lydia Wiley has filed a pro se complaint claiming that Defendants, Macy's and John Slawienski (sued as Jack Slowinski), violated her rights under the Family and Medical Leave Act ("FMLA").  The parties are presently before the Court on Defendants' unopposed Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket 8.)  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

I.      **BACKGROUND**

On March 22, 2010, Plaintiff filed an Employment Discrimination Complaint utilizing a form pleading provided by the Clerk's Office of this District.  She also filed a request to proceed in forma pauperis, which the Court denied on the ground that Plaintiff had not met the financial requirements for such status.  Plaintiff filed the requisite filing fee on March 31, 2010.

The factual allegations set forth in the form complaint are sparse and confusing. Though not entirely clear, Plaintiff appears to allege that Macy's and Mr. Slawienski, presumably her present or former employer and supervisor, respectively, somehow violated her

rights under the FMLA.  She identifies the "discriminatory conduct" as "Doctors [sic] Notes Medical Record."  Compl. ¶ 5.  In the next paragraph of the Complaint, she states that:  "I was sent to a dept. the Macy's workman comp. Docs told them <u>not</u> to sent [sic] me to for [sic] 3 days and then I went in the [ambulance] to the hospital.  and [sic] I am an FMLA."  <u>Id.</u> ¶ 6. The alleged incident occurred on September 6, 2006.  <u>Id.</u> ¶ 7.

Defendants now move to dismiss the Complaint on the ground that it is too vague to state a claim.  Plaintiff's opposition to the motion was due by June 23, 2010, which is twenty-one days prior to the hearing date.  <u>See</u> Civ. L.R. 7-3(a).  To date, no opposition to the motion has been received.  Though the Court could grant Defendants' motion as unopposed, the Court will address the merits of the arguments presented in their motion.[1]

## II.    DISCUSSION

### A.    FAILURE TO ALLEGE A "PLAUSIBLE" CLAIM

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, --- U.S. ---, ---, 129 S.Ct. 1937, 1940 (2009). Although on a motion to dismiss the court must accept all well-pled factual allegations as true, "[t]hread-bare recitals of the elements of a cause

---

[1] The failure to file an opposition to a motion to dismiss in a manner consistent with the Court's rules is grounds for granting the motion.  <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995).  In addition, the Standing Orders of this Court warn that the failure to timely file an opposition to a motion may be deemed to be a consent to granting of such motion.  Though the Court certainly could exercise its discretion and dismiss the action without leave to amend, the Court, mindful of its obligation to consider less drastic alternatives, will analyze the deficiencies of the Complaint and afford Plaintiff an opportunity to cure them.  Though Plaintiff is representing herself, she remains obligated to follow the same rules as represented parties.  <u>Id.</u>  Any further violations of the applicable rules and/or orders of this Court will constitute grounds for dismissal with prejudice for failure to prosecute under Rule 41(b).

1  of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>  Nor must the court

2  "accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> (quotations omitted).

3      Here, Plaintiff's claim is unintelligible.  Although the Complaint makes vague

4  references "Doctors [sic] Notes" and the "FMLA," no facts are alleged regarding what

5  particular conduct, acts or omissions form the basis of her claims nor does Plaintiff identify the

6  role of each Defendant involved in the alleged misconduct.  Plaintiff also fails to allege how

7  she allegedly was injured by Defendants' actions -- whatever those have been.  The Court finds

8  that the allegations in the Complaint are too vague and conclusory to state a claim upon which

9  relief may be granted.

10      **B.      FMLA**

11      Though the legal basis of Plaintiff's claim is unclear, she does make reference to the

12  FMLA.  The FMLA entitles qualifying employees to take unpaid leave for up to twelve weeks

13  each year provided they have worked for the covered employer for twelve months.  29 U.S.C.

14  § 2612(a).  "A violation of the FMLA simply requires that the employer deny the employee's

15  entitlement to FMLA leave."  <u>Xin Liu v. Amway Corp.</u>, 347 F.3d 1125, 1135 (9th Cir. 2003).

16  An employee who contends that her rights under the FMLA have been violated may either

17  (1) file a complaint with the Secretary of Labor or (2) file a private lawsuit.  29 C.F.R.

18  § 825.400(a).  "If the employee files a private lawsuit, it must be filed within two years after

19  the last action which the employee contends was in violation of the Act, or three years if the

20  violation was willful."  <u>Id.</u> § 825.400(b).

21      Here, Plaintiff alleges that the incident underlying her claim occurred on September 6,

22  2006.  Thus, at most, Plaintiff had three years from that date to file suit, meaning that she had

23  until September 6, 2009, to file suit.  Since Plaintiff did not file her Complaint until March 22,

24  2010, her Complaint is time-barred.  Nonetheless, because of the complete lack of clarity with

25  respect to the basis of Plaintiff's claim, the Court will grant Plaintiff leave to amend to clarify

26  both the factual and legal basis of her Complaint.  To the extent that Plaintiff intends to allege a

27  violation of the FMLA, she must allege facts sufficient to (1) demonstrate how Defendants

28  allegedly violated the FMLA, and (2) explain why she failed to present such a claim in a timely

1  manner.  See Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir.

2  2008) (discussing equitable tolling and equitable estoppel).[2]

3    **C.   INDIVIDUAL LIABILITY**

4    John Slaweinski is named as a defendant in the Complaint.  However, no particular

5  conduct is attributed to Mr. Slaweinski nor is his relationship to Plaintiff or Macy's alleged.

6  Plaintiff's failure to provide Mr. Slaweinski of "fair notice" of the basis of the claims alleged

7  against him, standing alone, warrants his dismissal from the action.  See Erickson v. Pardus,

8  551 U.S. 89, 93 (2007).  In the event Plaintiff amends her pleadings and continues to name Mr.

9  Slaweinski as a defendant, Plaintiff must identify his role in the alleged action that forms the

10  basis of her claim against him.

11  **III.   CONCLUSION**

12    For the reasons stated above,

13    IT IS HEREBY ORDERED THAT:

14    1.    Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED

15  WITH LEAVE TO AMEND.  Plaintiff shall have ten (10) days from the date this Order is filed

16  to file a First Amended Complaint that cures the deficiencies discussed above.  Plaintiff is

17  warned that the failure to file a First Amended Complaint within the specified time period will

18  result in the dismissal of this action, with prejudice.

19    2.    The hearing on the motion scheduled for July 14, 2010 is VACATED.

20    3.    The Case Management Conference currently scheduled for July 14, 2010 is

21  CONTINUED to **September 15, 2010 at 3:30 p.m.**  The parties shall meet and confer prior to

22  the conference and shall prepare a joint Case Management Conference Statement which shall

23  be filed no later than ten (10) days prior to the Case Management Conference that complies

24  with the Standing Order for All Judges of the Northern District of California and the Standing

25  Order of this Court.  Defendants shall be responsible for filing the statement as well as for

26  

27  ───────────────
  [2] It is unclear whether the statute may be tolled under the FMLA.  See Shaaban v.
Covenant Aviation Sec., 2009 WL 3817473 at *4 (N.D. Cal., Nov. 10, 2009).  Should Plaintiff
amend her complaint and attempt to invoke either doctrine, Defendants may respond
appropriately through a subsequent Rule 12 or other dispositive motion.

28

1   arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at

2   the above indicated date and time.

3          4.      This Order terminates Docket 8.

4          IT IS SO ORDERED.

5   Dated:  June 29, 2010                              _____
                                                       SAUNDRA BROWN ARMSTRONG
6                                                      United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4  LYDIA WILEY,

5           Plaintiff,

6    v.

7  MACY'S et al,

8           Defendant.
   _____/

9

10                          Case Number: CV10-01188 SBA

11                       **CERTIFICATE OF SERVICE**

12
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13 Court, Northern District of California.

14 That on June 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

16

17

18 Lydia Wiley
   446 Victoria Street
19 San Francisco, CA 94132

20
   Dated: June 30, 2010
21                          Richard W. Wieking, Clerk

22                          By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28